

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PERCY BURNELL, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:17-02742-MGL |
| | § | |
| RICHLAND SCHOOL DISTRICT ONE, | § | |
|     Defendant. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE CASE

This case was brought alleging violations of Title VII of the Civil Rights Act of 1964. All parties are represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant Richland School District One's (the District) motion for summary judgment be granted and the case dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 11, 2019, ECF No. 37, and the Clerk of Court entered Plaintiff Percy Burnell's (Burnell) objections to the Report on January 28, 2019, ECF No. 41. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

The Magistrate Judge suggested Burnell neglected to show he was satisfactorily performing his job when the District discharged him. The Magistrate Judge thus recommended Burnell failed to present a prima facie case of Title VII discrimination. Further, the Magistrate Judge advanced the District's motion for summary judgment should be granted because Burnell neglected to raise an inference his discharge was due to religious discrimination, and failed to counter the District's non-discriminatory reason for his discharge. Burnell avers he supplied evidence via his affidavit that: 1) he was satisfactorily performing his job when the District discharged him; and 2) the District's purported reason for discharging him was pretextual.

In a Title VII case based upon circumstantial evidence such as the case at bar, the plaintiff proceeds under the burden-shifting framework outlined in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). Under that framework, plaintiff must first make a *prima facie* showing of discrimination by showing: 1) he was a member of a protected class; 2) he was satisfactorily performing his job; 3) he suffered an adverse employment action; and 4) he was treated differently from similarly situated employees who were not members of the class. *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). Once plaintiff makes the initial showing, his employer must present a non-discriminatory reason for the adverse employment action. *McDonnell Douglas Corp.*, 411 U.S. at 802. The burden then shifts back to plaintiff to show his employer's purportedly non-discriminatory reason is pretextual. *Id.* at 804.

In opposing a motion for summary judgment, a party must, *inter alia*, point to evidence in the record, including affidavits. Fed. R. Civ. P. 56(c)(1)(A). However, a self-serving affidavit is insufficient to withstand a motion for summary judgment. *See Nat'l Enters., Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000).

In arguing he has shown he was satisfactorily performing his job when the District discharged him, Burnell relies on his affidavit. Through the affidavit, Burnell avers he was adequately performing his job. The affidavit, however, is self-serving, and thus insufficient to defeat a motion for summary judgment. Further, it is the District's opinion of Burnell's performance, not Burnell's opinion which determines whether he was satisfactorily performing his job. *See DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998). For those reasons, the Court will overrule Burnell's objection regarding whether he was satisfactorily performing his job.

Because Burnell has neglected to show he was satisfactorily performing his job, he likewise fails to meet his burden to present a *prima facie* case of Title VII discrimination. Because the issue of satisfactory job performance is sufficient to decide this case, the Court declines to reach Burnell's remaining objections. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendant's motion for summary judgment is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 6th day of February, 2019, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis  
                                            MARY GEIGER LEWIS  
                                            UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.